FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2008 MAY 28 PM 5:21

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

### CIVIL ACTION NO. 1:06-CV-164

| | |
|---|---|
| **DARIA T. JOHNSON** | **PLAINTIFF** |
| V. | |
| **PIONEER CREDIT COMPANY** | **DEFENDANT** |

### JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return

-- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The plaintiff has the burden of proving her case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)  Arguments and statements by lawyers are not evidence;

2)  Questions and objections by lawyers are not evidence;

3)   Testimony I have instructed you to disregard is not evidence; and,

4)   Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions



of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## II. RULES OF LAW

## INSTRUCTION NO. 1

The Plaintiff contends in this case that she was discharged from Pioneer in retaliation for encouraging her co-worker, Beth Eddington, to file a complaint with the Equal Employment Opportunity Commission against Pioneer for gender discrimination. Pioneer contends that the Plaintiff was terminated because she performed her job unsatisfactorily, created a hostile work environment, and had a poor attitude.

The Plaintiff was an at-will employee of Pioneer. As such, Pioneer had the right to discharge the Plaintiff at any time for any reason or for no reason. However, an employer may not discharge an at-will employee for an illegal reason. For example, an employer may not discharge an at-will employee in retaliation for engaging in a protected activity.

The Civil Rights Act of 1964 and the Kentucky Civil Rights Act make it unlawful for an employer to discriminate against an individual because of her sex with respect to the compensation, terms, conditions, or privileges of that individual's employment. These same Acts make it unlawful for an employer to retaliate against another employee for opposing such discrimination. The Plaintiff's opposition to the alleged discrimination of Beth Eddington by Pioneer is protected even if Pioneer did not discriminate against Ms. Eddington so long as the Plaintiff had a good faith belief that such discrimination had occurred.

To prevail on her claim, the Plaintiff must prove to you by a preponderance of the evidence that the Plaintiff's encouragement of Ms. Eddington to file a complaint with the Equal Employment Opportunity Commission complaint against Pioneer for gender

discrimination was a substantial and motivating factor in Pioneer's decision to discharge the Plaintiff and, but for which, she would not have been discharged.

The mere fact that the Plaintiff was discharged from her employment is not sufficient in and of itself to establish the Plaintiff's retaliation claim. Furthermore, the fact that the Pioneer may have had other legitimate reasons for discharging the Plaintiff does not necessarily relieve it from liability in this case. If you believe by a preponderance of the evidence that the Plaintiff's encouragement of Beth Eddington to file a complaint with the Equal Employment Opportunity Commission did in fact contribute to the Plaintiff's discharge as one of the substantial and motivating factors, then you must find for the Plaintiff. If you do not so believe, then you must find for the Defendant.



## INSTRUCTION NO. 2

## BACK PAY DAMAGES

If you find for the Plaintiff, then you should determine the amount of back pay, if any, that you believe the Plaintiff has lost as a result of her unlawful termination. You may award back pay as an amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the Plaintiff would have received had she not been unlawfully discharged.

Back pay damages must be limited from the date the Plaintiff was terminated until the date of your verdict.

In determining the amount of back pay, you are instructed to deduct from the back pay figure whatever wages the Plaintiff has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation, or pension benefits from an award of back pay.

You are further instructed that the Plaintiff has a duty to mitigate her damages - that is the Plaintiff is required to make reasonable efforts under the circumstances to reduce her damages. It is Pioneer's burden to prove that the Plaintiff has failed to mitigate. If Pioneer persuades you, by a preponderance of the evidence, that the Plaintiff failed to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by the amount of the wages that you believe the Plaintiff reasonably would have earned had she obtained those opportunities.

## INSTRUCTION NO. 3

## FRONT PAY DAMAGES

If you find for the Plaintiff, you may also calculate an award of front pay if you believe from the evidence that the Plaintiff has suffered such damages.

Front pay is a form of future damages. To calculate an award of front pay, you must determine the difference, if any, between the amount that you believe the Plaintiff will earn, or would reasonably be able to earn, through other employment, and the amount she would have earned had she continued to work at Pioneer. Front pay may be awarded only for the period of time that you determine will be required for the Plaintiff to obtain employment earning wages comparable to the wages she earned at Pioneer. Your award of front pay must be based upon the evidence presented and may not be based on speculation or conjecture. You should not award front pay for any period of time beyond that which you can make a reasonable determination based on the evidence as to the Plaintiff's potential job opportunities, skills, education, and earning ability. You must reduce an award of front pay to its present value by considering the interest that the Plaintiff could earn on the amount of the award if she had made a relatively risk-free investment.



## INSTRUCTION NO. 4

## COMPENSATORY DAMAGES

If you find in favor of the Plaintiff, then you must consider compensatory damages and decide, from a preponderance of the evidence, whether you believe the Plaintiff has suffered any mental distress or anguish by reason of her wrongful termination. If you believe she has, then you may award her damages for any mental distress or anguish she has suffered in the past and any you believe she is likely to suffer in the future.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. No evidence of the monetary value of such intangible things as mental distress and anguish has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you should make should be fair in light of the evidence presented at trial.



## INSTRUCTION NO. 5

## PUNITIVE DAMAGES

If you find in favor of the Plaintiff, the law allows, but does not require an award of punitive damages against Pioneer. The purpose of an award of punitive damages is to punish a defendant and to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that Pioneer acted with malice or reckless indifference to the Plaintiff's federally protected rights. An action is with malice if a person knows that it violates federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if it is taken with knowledge that it may violate the law.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied in this case, then you may decide to award punitive damages, or you may decide not to award them.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Pioneer should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Pioneer or others from committing similar wrongful conduct in the future. The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future

misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Pioneer, you may consider the financial resources of Pioneer in fixing the amount of those damages.



## INSTRUCTION NO. 6

## DAMAGES IN GENERAL

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.



## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you

13

can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

