UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CASE NO. 1:06-CV-164

**DARIA T. JOHNSON**                                                                                      **PLAINTIFF**

**V.**

**PIONEER CREDIT COMPANY**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Plaintiff for costs and attorneys' fees. (DN 49). Fully briefed, this matter is ripe for consideration. For the following reasons, the Plaintiff's motion is **GRANTED**.

## I. FACTS

Plaintiff Daria T. Johnson brought this action against Pioneer Credit Company ("Pioneer") under both the Civil Rights Act of 1964 and the Kentucky Civil Rights Act. She claimed that Pioneer unlawfully terminated her in retaliation for encouraging a co-worker to file a gender discrimination claim against Pioneer. On May 28, 2008, the Plaintiff won a jury verdict on her claim for a total damage award of $ 160,000.00. The Plaintiff subsequently submitted the motion now before the Court for an award of attorney fees and legal expenses.

## II. ANALYSIS

Both parties agree that the Civil Rights Act of 1964 and the Kentucky Civil Rights Act provide for an award of reasonable attorney fees and costs to a prevailing party. See 42 U.S.C. §1988; K.R.S. 344.450. Here, the Plaintiff asks the Court to award her an attorney fee of 33% of the jury's verdict, which is $ 53,333.33, plus litigation expenses in the amount of 1,300.84, for a total of $ 54,634.17. Alternatively, the Plaintiff seeks an award based upon the hourly rate of

$250.00, which, including expenses, would equate to an award of $ 34,025.84.

The Defendant argues that the award should be based upon the Plaintiff's second calculation. The Court agrees. The Sixth Circuit has held that "[t]he starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." Gonter v. Hunt Valve Co., 510 F.3d 610, 616 (6th Cir. 2007). Here, the Plaintiff has produced documentation which shows that her attorney spent 130.9 hours on her case at a rate of $250.00 per hour, totaling $32,725.00. The Plaintiff has also established that her legal expenses totaled $1,300.84. The Defendant does not dispute the reasonableness of the hourly rate, the hours billed, or the legal expenses. The Defendant only argues that the Court should consider a fee reduction because the Plaintiff failed to comply with a pretrial order and with the Federal Rules of Civil Procedure with respect to the Plaintiff's damage claims. The Court, however, does not believe that these facts warrant a reduction in the Plaintiff's award.

Accordingly, the Court grants the Plaintiff's motion for attorney fees and costs in the total amount of $34,025.84.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion is **GRANTED**. **IT IS SO ORDERED**.

cc: Counsel of Record