UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:06-CV-164

**DARIA T. JOHNSON**                                                                                   **PLAINTIFF**

**V.**

**PIONEER CREDIT COMPANY**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

These matters are before the Court upon post-trial motions by the Defendant for entry of a judgment in its favor as a matter of law, a new trial, or an altered or amended judgment. (DN 51). Fully briefed, this matters are ripe for consideration. For the following reasons, the Defendant's motions are **DENIED.**

### I. ANALYSIS

**A. Motion for Judgment as a Matter of Law**

At the close of the evidence, the Defendant moved for judgment as a matter of law on the basis that the Plaintiff had failed to meet her burden of proof. The Court overruled that motion. Fed. R. Civ. P. 50(b) provides that a party may file a renewed motion for judgment as a matter of law. In its Rule 50(b)motion, the Defendant argues that there was insufficient evidence to support that jury's verdict in favor of the Plaintiff on her claim of retaliatory discharge because the Defendant established that there were legitimate reasons for the Plaintiff's termination and the Plaintiff did not meet her burden of showing that those reasons were a pretext for retaliation.

A Rule 50(b) motion "may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." Radvansky v.

City of Olmstead Falls, 496 F.3d 609, 614 (6th Cir. 2007)(quoting Gray v. Toshiba Am. Consumer Prods., Inc., 263 F.3d 595, 598 (6th Cir. 2001)).  Put another way, "[j]udgment as a matter of law is appropriate only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the non-moving party." Moore v. KUKA Welding Systems & Robot Corp, Inc, 1078 (6th Cir. 1999).

At trial, the Plaintiff claimed that the Defendant unlawfully retaliated against her, under both Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act, by terminating her for encouraging another employee to file an EEOC complaint based on gender discrimination.  The Sixth Circuit has held that 42 U.S.C. §2000e-3(a) prohibits an employer from retaliating against an employee who has "opposed" any practice by the employer made unlawful under Title VII. Johnson v. University of Cincinnati, 215 F.3d 561, 578 (6th Cir. 2000)(citing Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1034, 1312 (6th Cir. 1989).  To establish a claim under §2000e-3(a), the plaintiff must show that:

1) she engaged in an activity protected by Title VII;

2) this exercise of protected rights was known to the defendants;

3) defendants thereafter took an adverse employment action against the plaintiff; and

4) there was a causal connection between the protected activity and the adverse employment action.

Id. (citing Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000)). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. Id.  If the defendant meets this burden, the plaintiff must then demonstrate that this proffered reason was not the true reason - but a mere pretext- for the

adverse employment action. Id. However, the Sixth Circuit has noted that, after a jury trial, it is inappropriate for a court revisit the prima facie stage; rather it must focus on the ultimate issue of retaliation. See, e.g., Patton v. Sears, 2000 U.S. App. LEXIS 27997, *11 (6th Cir. 2000). Thus, the Court need only consider whether there was sufficient evidence for the jury to conclude that the Plaintiff's termination was precipitated by encouragement of a co-worker to file an EEOC complaint for gender discrimination. Id. See also Layne v. Hulsh Detergents, Inc., 40 Fed. Appx 200, 210 (6th Cir. 2002)( recognizing that district courts need not instruct juries on the burden-shifting scheme so long as the "ultimate question of retaliation" is put before the jury)(citing Kitchen v. Chippewa Valley Schs., 825 F.2d 1004,1012 (6th Cir. 1987)).

Here, it is clear that there was evidence upon which a jury could reasonably conclude that the Defendant's decision to terminate the Plaintiff was based, at least in part, upon her EEOC-related conduct. At trial, the Plaintiff presented evidence which established that she was terminated only days after the Defendant learned of her EEOC-related conduct. She also introduced evidence showing that the Defendant reported to the Unemployment Insurance Commission that its decision to terminate the Plaintiff was based on her EEOC-related conduct. Thus, even though the Defendant presented evidence suggesting that the Plaintiff was terminated due to poor job performance and for creating a hostile work environment, the Court cannot conclude that the jury's verdict was "contrary to all reason." See, e.g. Schoonover v. Consolidated Freightways Corp., 147 F.3d 494 (6th Cir. 1998).

Thus, the Court concludes that the Defendant is not entitled to judgment as a matter of law.

**B. Motion for a New Trial or to Alter or Amend the Judgment**

The Defendant also argues that, pursuant to Fed. R. Civ. P. 37, the Court should grant a new

trial on all elements of damages or, alternatively, alter or amend the judgment so as the preclude the Plaintiff from recovering front pay damages, punitive damages, or damages for mental anguish and embarrassment, since the Plaintiff failed to comply with Fed. R. Civ. P. 26(a).[1,2]

Rule 26(a)(iii) provides that party must, without awaiting a discovery request, provide:

> a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered...

Rule 37(b)(2)(A)(ii) states that where a party fails to obey a discovery order, the Court may prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Finally, under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a)" is not permitted to use the information that should have been disclosed "at trial, at a hearing, or on a motion," unless failure to provide such information is harmless. Taylor v. Teco Barge Line, Inc., 517 F.3d 372, 378 (6th Cir. 2008).

Before the trial in this case, the Court entered an order directing the parties to comply with Fed. R. Civ. P. 26(a)(1). The Plaintiff subsequently provided the Defendant with following disclosure:

### DAMAGES

---

[1] "[A] district court should grant a motion for a new trial [under Fed. R. Civ. P. 59(a)] only 'when a jury has reached a 'seriously erroneous result' as evidenced by 1) the verdict being against the weight of the evidence; 2) the damages being excessive; or 3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.'" Mitchell v. Boelcke, 440 F.3d 300, 304 (6th Cir.2006)(quoting Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1045-46 (6th Cir. 1996)).

[2] A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) may only be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted).

      The Plaintiff claims loss wages from the date of her termination to the date of her age of retirement.  She has not yet quantified her claims for other compensatory damages such as embarrassment, humiliation, and fringe benefits. She claims punitive damages in the amount to be determined by a jury. She claims her attorney fees permitted by law.

    Further, following a settlement conference, the Plaintiff advised the Defendant by letter that she believed she was entitled to damages for back pay and front pay in excess of $330,00.00 and that, when combined with the her claims for embarrassment and humiliation and punitive damages, the Defendant would be exposed "to a potential seven-figure jury verdict." Accordingly, at trial, the Plaintiff presented claims for back pay and benefits, front pay, mental distress and anguish, and punitive damages. The Defendant objected to the Plaintiff offering any evidence or exhibits relating to any of her damages, with the exception of back pay. The Defendant advised the Court that it was aware of the amount of the Plaintiff's claim for back pay and fringe benefits, but had not learned the amount the Plaintiff was claiming for front pay, mental distress and anguish, or punitive damages until the morning of trial when the Plaintiff delivered copies of documents evidencing the amounts she was claiming for each. The Court disallowed the use of certain exhibits but allowed testimony and argument related to the claimed damages. The jury ultimately awarded the Plaintiff $ 40,000 for back pay; $ 40,000 for front pay; $ 40,000 for mental distress and anguish; and $ 40,000 in punitive damages.

    The Defendant argues that it is entitled to a new trial or to an altered or amended judgment because the Court erred when denied the Defendant's motion to bar any evidence introducing or referring to damages other that related to back pay. The Court, however, disagrees. The Defendant was totally aware prior to trail that the Plaintiff claimed back pay, front pay, mental distress and punitive damages. The Defendant did not ask any questions of the Plaintiff during her deposition

5

related to the calculation of damages. The Defendant admittedly knew the claim for back pay. The front pay claim was a simple mathematical calculation of her past annual income multiplied by the number of years to retirement. The mental distress and punitive damage claims are not susceptible to calculation. Besides, the Plaintiff informed the Defendant that her wage claims exceeded $330,000, and that she believed it likely the Defendant could be exposed to a potential seven-figure verdict. There was no surprise. Accordingly, there are no grounds on which to grant a new trial or to alter or amend the judgment.

## II. CONCLUSION

For the foregoing reasons, the Defendant's motions for judgment as a matter of law and for a new trial and/or an altered or amended judgment are **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record